

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

December 16, 1949

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-972

Re: Charges of paying agent
of college constitutional
tax bonds.

Dear Mr. Calvert:

You request the opinion of the Attorney General on questions concerning bonds issued under the College Building Amendment, as follows:

"I have been asked to issue warrants out of funds raised from the five-cent tax levy for the purpose of paying the cost of retiring the bonds. I would appreciate your answer to the following questions:

(1) If the cost of paying or the cost of retiring these bonds may be paid out of funds raised by the five-cent tax levy collected under authority of the College Building Amendment to the Texas Constitution?

(2) If your answer to Question No. 1 is in the negative, may the schools use funds appropriated from the State Treasury for the support and maintenance for the purpose of paying such costs?"

Article VII, Section 17, Constitution of Texas, authorizes the issuance of bonds or notes by the state colleges named therein for the purpose of acquiring, constructing, and initially equipping buildings or other permanent improvements; and in payment thereof this section provides for the levy of a state ad valorem tax of five cents.

The various colleges named in Section 17 have issued bonds, and have designated as the paying agents of the interest and principal of such bonds certain banks in Texas and in New York.

You wish to know whether payment of the charges of these banks for interest and principal payment of the bonds may be made out of funds realized from the state ad valorem tax of five cents.

Section 17 specifically grants to the colleges the power to issue interest bearing negotiable bonds. It is manifest that there must be a place of payment of bonds, and that certain duties must be performed in such payment. Our Supreme Court has held that whenever a power is granted, it impliedly authorizes whatever is necessary or indispensable to the exercise or enjoyment of the grant, and that the grant of an express power carries with it by implication, every incidental power that is necessary and proper to the execution of the power expressly granted. Terrell v. Sparks, 104 Tex. 191, 135 S.W. 519 (1911).

It is recognized by all that paying agents will not gratuitously perform their duties. Thus, if there is a necessity for a payment agent, it follows that there is a necessity for the payment of the reasonable charges of such paying agent for the performance of its duties. Although Section 17 does not expressly mention the payment of the charges of a paying agent, we think that the same is necessarily implied. In other words, this power is necessarily implied from the express power to issue bonds.

You cite us to our Opinion No. V-798 and No. V-799. In the first-mentioned opinion it was held that the five cent tax fund "may not be withdrawn from the State Treasury except to pay principal and interest requirements of bonds or notes issued under Section 17." It is our opinion that the charges of the bank of payment would constitute a requirement which would have to be paid.

In Opinion No. V-799 it was held that in the issuance of the bonds authorized in Sections 17 and 18 of Article VII, it would be necessary to incur certain expenses such as printing and attorneys' fees and that the college board could properly incur such expenses "and pay for them out of legally available funds of the institution, assuming, of course, that such expenses are reasonable."

In that opinion we were not called upon to decide, and we did not decide, what constituted "legally available funds." We do not believe that Opinion No. V-799 is in any way inconsistent with our holding with respect to the payment of the charges of the bank of payment.

To show that the authority for the payment of such charges

must necessarily be implied from the express power to issue the bonds, let us give a practical illustration. Without expressing any opinion as to what funds might be legally available (other than the five cent tax fund), suppose that all public moneys were earmarked by the Legislature for specific purposes, none of which included the payment of the charges of the bank of payment. If the bank of payment received no moneys for the performance of its duties, then it could refuse to perform them. In such event, there would be a default in the payment of the interest or principal, or both.

It is our opinion that Section 17 of Article VII, in expressly granting the authority to issue the bonds, impliedly authorizes the payment of the charges of the paying agent out of the five cent tax fund.

Our answer to your first question in the affirmative renders unnecessary an answer to your second question.

## SUMMARY

The charges of the paying agent of the bonds issued by a college under Section 17 of Article VII, Constitution of Texas (College Building Amendment), may be paid out of funds raised for the benefit of such college out of the state ad valorem tax of five cents levied by said constitutional provision.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By George W. Sparks,
Assistant

GWS:s:v

APPROVED

FIRST ASSISTANT
ATTORNEY GENERAL